```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

Joseph Dominick Urato,            )
                                  )
                    Plaintiff,    )      C/A: 6:12-2096-TMC-KFM
vs.                               )
                                  )      **REPORT AND RECOMMENDATION**
David Weiner, Greenville County Sheriffs )
Office; Jonathan M. Gregory, County of )
Greenville; and Mark Moyer, County of )
Greenville,                       )
                                  )
                    Defendants.   )
_____ )

Plaintiff, Joseph Dominick Urato, ("Plaintiff"), proceeding *pro se*, brings this action seeking the return of Plaintiff's personal property or restitution for the value of his personal property, *i.e.* Plaintiff's car and his belongings that were in his car when Plaintiff was arrested and the car was impounded on July 30, 2012. Plaintiff is now a state prisoner in the Lieber Correctional Institution of the South Carolina Department of Corrections in Ridgeville, South Carolina and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed, without prejudice and without issuance and service of process.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned United States Magistrate Judge is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**BACKGROUND**

Plaintiff alleges that Defendant Weiner arrested and incarcerated him and impounded his car on July 30, 2010. Plaintiff alleges that, thereafter, Defendants Moyer and Gregory, of the Solicitor's Office, "had some property examined for possible trial" and "start[ed] the chain of custody and would appear to be responsible for [the] property item[s]." Plaintiff alleges that he "was told that [his property] would not be released until trial or plea." Plaintiff alleges that he entered a guilty plea on January 17, 2012, and was then told that all of his belongings were to be released to a family member. However, Plaintiff alleges that, when his family member went to retrieve the property, the family member "w[as] told that none of it could be located." Plaintiff seeks "reimbursement of the items that were taken from [him] or if they can be found [their] release[] to a family member or friend of family" from Defendants who, Plaintiff alleges, "are the cast of people who had access to [the] taking and or holding of [Plaintiff's] property." Plaintiff alleges that the value

2

of his car and the other personal property that was in it at the time of his arrest is $16,290.00.[1]  *See* Complaint, Statement of Claim; ECF No. 1, p. 3-4.

## DISCUSSION

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation.  It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951).  Further, it is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11, (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction include (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship," 28 U.S.C. § 1332.  The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.  First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint.  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*,

---

[1] Plaintiff alleges that the personal property impounded on July 30, 2010 includes: his 2001 Toyota Tundra; a Garmin GPS, a Bulova diamond collection watch, a Blackberry phone; a 24" Figaro link chain, an 8" Figiro link bracelet; a pair of Timberland boots, a pair of Nike Shox shoes; and Randy Jackson eye wear.

3

437 U.S. 365, 372-74 (1978). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen*, 437 U.S. at 373-74. This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, the personal property of which Plaintiff was allegedly deprived was valued at $16, 290.00, and Plaintiff and Defendants are all citizens and residents of South Carolina. *See* ECF No. 1, p. 2, 3.

Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a plausible claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint does not specifically allege that a right secured by the Constitution or laws of the United States was violated by Defendants. Even liberally construing the Complaint as asserting a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment,[2] the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff complains of negligent conduct by Defendants, he cannot bring this action under § 1983.

---

[2] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

*See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) ("[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation").

Moreover, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Accepting Plaintiff's allegations as true, Plaintiff must utilize his remedies under South Carolina law to obtain relief for the alleged taking of his personal property, *i.e.* his car and personal belongings, such as by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson*, 468 U.S. at 530-36 (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law

provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[3]

Thus, to the extent that Plaintiff's Complaint may be construed as an attempt to bring a due process claim under § 1983 by alleging that Defendants, acting under color of state law, intentionally or negligently deprived Plaintiff of his personal property, or intentionally or negligently allowed another person to deprive Plaintiff of his personal property, Plaintiff's Complaint fails to state a cognizable claim of a constitutional violation by any of these Defendants that may be asserted in federal court. Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 21, 2012             s/ Kevin F. McDonald
Greenville, South Carolina        United States Magistrate Judge

---

[3] *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).